IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THOMAS ADAMS                                                                                          PETITIONER
ADC # 97152

vs.                              Case No. 5:07-CV-00006 SWW-HLJ

LARRY NORRIS, Director
Arkansas Department of Correction                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if

>   such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Thomas Adams, an Arkansas Department of Correction inmate, received thirty-six years' imprisonment for first-degree battery. On appeal to the Arkansas Court of Appeals, he argued the "circuit court erred in denying his motion for directed verdict on the charge of first degree battery because the State failed to introduce into evidence substantial evidence that the victim suffered physical injury that created a substantial risk of death." The court affirmed the conviction. (DE # 7, Exhibit C) Subsequently, Adams filed a Rule 37 petition with the circuit court. In his petition, he argued the following grounds:

1. The injuries inflicted on the victim were justified by self-defense.

2. His attorney did not make a "strong enough" attempt to argue self-defense.

3. He was denied a fair and impartial trial due to the State's statements and

          arguments regarding its theory of the case.

4.     His attorney should have established the circumstances that caused these events other than his absolute guilt being determined by the minds of those who heard conflicting testimony.

5.     His attorney should have prepared an opening statement.

The circuit court denied the petition. (DE #7, Exhibit D) On appeal to the Arkansas Supreme Court, Adams argued:

1.     The injuries to the victim were justified by self-defense.

2.     His attorney failed to adequately argue a self-defense theory at trial.

3.     Statements by the prosecution at trial were inappropriate and denied him a fair trial.

4.     His attorney failed to adequately present an alternative theory concerning the events, specifically regarding the theory of self-defense.

5.     His attorney failed to present an opening statement.

The Arkansas Supreme Court dismissed the appeal. (DE #7, Exhibit G) Adams has now filed the instant habeas petition, and he presents the following arguments to the court:

1.     He was denied effective assistance of counsel because counsel failed to present an opening statement and failed to investigate and prepare the defense sufficiently to show this was a crime of passion.

2.     His conviction was obtained in violation of the privilege against self-incrimination.

3.     His conviction was obtained by the unconstitutional failure of the State to disclose evidence favorable to him.

The Respondent acknowledges that Adams is currently in his custody and that no non-

futile state remedies are available to him, but he contends the petition should be dismissed.

I.

Federal habeas relief may not be granted on any claim addressed on the merits by a state court, unless the petitioner can establish the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2). It is not necessary for the court to cite to any particular United States Supreme Court case "so long as neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Early v. Packer*, 537 U.S. 3 (2002) (per curiam).

II.

Adams' first ground is ineffective assistance of counsel on two bases: counsel's failure to (1) present an opening statement and (2) investigate and prepare the defense sufficiently to show this was a crime of passion. As to the first basis, regarding counsel's failure to make an opening statement, Adams has not shown the state court's decision was contrary to or an unreasonable application of federal law.

The standard for reviewing the effectiveness of trial counsel in a petition under section 2254 is the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In order to succeed on these claims, petitioner must show that his attorney's "representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688

(1984), or that counsel failed to exercise "the skill and diligence that a reasonably competent attorney would exercise under similar circumstances." *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir. 1984). Petitioner must also show that counsel's deficient performance rendered the proceedings unreliable or fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372. Counsel is presumed competent and reasonable trial strategy cannot rise to the level of ineffective assistance of counsel. *Id*.

The Arkansas Supreme Court held that counsel's decision not to make an opening statement was a tactical one and that Adams did not present any facts to show how the decision might have prejudiced his defense or could not have been the result of reasonable professional judgment. The decision to forgo an opening statement has been held to be a tactical decision within the bounds of proper trial strategy. *See United States v. Evans*, 272 F.3d 1069 (8th Cir. 2001). Given this record and Petitioner's allegations, I do not find the state court's resolution of the issue was "an unreasonable application" of *Strickland*.

Although he argued that trial counsel failed to adequately present an alternate theory concerning the events as a point in his post-conviction appeal, Adams did not fairly present the specific allegation he raises in part (2). The Arkansas Supreme Court, in its opinion on this point, stated "[t]he claims in [Adams'] petition do not identify any specific alternate theory, aside from the theory of self-defense that was presented by counsel[.]" (DE #7,

5

Exhibit G)  Here, Adams asserts the specific alternate theory of "crime of passion."

Ordinarily, a federal habeas court may consider only those claims that were "fairly presented" in state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.), *cert. denied*, 517 U.S. 1215 (1996).  The fair presentation of a claim consists of raising in state court the same significant facts and legal theories advanced in support of the habeas petition in federal court, *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), *cert denied*, 490 U.S. 1114 (1989), and presenting them in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars review of the claim, unless the prisoner can show cause and prejudice for the default, or actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "[C]ause requires a showing of some external impediment preventing counsel from constructing or raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991), quoting *Murray v. Carrier*, 477 U.S. 478 (1986).  "For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented Petitioner from raising the claim." *See id*. A petitioner's pro se status, lack of education, below-average intelligence, or any

unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Because Adams did not advance in state court the second basis for his ineffective assistance of counsel claim now raised here and he has not explained the default, the claim is procedurally barred.

### III.

Respondent contends Adams' second and third grounds should also be dismissed as procedurally barred because he did not present either argument to the state court for initial review. Petitioner contends he failed to raise ground two because he "didn't know about [his] Amendment rights, and he failed to raise ground three because he "didn't know what the prosecutor can and can't do." (DE #2, pg. 6) Such assertions are not sufficient to establish cause for the default, and I find both grounds are procedurally barred.

### IV.

If a petitioner is unable to satisfy the cause and prejudice requirement, a court may still consider procedurally barred claims if he establishes a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and the failure to hear the claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. at 495. "[S]uch a claim requires the petitioner to support his allegations of

constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327.  Petitioner has not presented such evidence and his claims go to his legal innocence, not his actual innocence.  Because he has not satisfied this standard, he is not entitled to this gateway exception.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 28th day of August, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge